OPINION
{¶ 1} Defendant-appellant, Eyvonne J. Smith, appeals from a judgment of the Franklin County Municipal Court directing a verdict in favor of plaintiff-appellee, Germain Chevrolet ("Germain"). For the following reasons, we affirm.
 {¶ 2} On February 8, 2007, Smith took her 2000 Chevrolet Cavalier to Germain's service department because she was experiencing problems with the car's brakes. Germain service technicians replaced the front brakes, machined the rotors, and performed a brake fluid maintenance flush. When Smith returned to Germain on February 10, 2007 to pick up her car, she also requested an oil change. After Germain *Page 2 
service technicians completed changing the car's oil, Smith paid Germain and left with her car.
 {¶ 3} On either February 10 or 11, Smith was driving the car when it stopped and steam and/or smoke began rising from underneath the hood. Smith returned the car to Germain on February 12, 2007. Germain service technicians determined that the head gasket had blown, causing overheating. Germain replaced the head gasket, spark plugs, and fuel filter. Smith arrived at Germain to pick up her car on February 19, 2007. She paid the invoice total of $1,578.10 with a personal check. After Smith left Germain with her car, she stopped payment on the check.
 {¶ 4} On September 6, 2007, Germain filed a complaint against Smith seeking damages in the amount of the unpaid invoice. The trial court conducted a bench trial, during which Smith and Ralph Cumston, Service and Parts Manager for Germain, testified to the above facts. At the close of Smith's evidence, Germain moved for a directed verdict pursuant to Civ. R. 50(A). The trial court orally granted Germain's motion and then reduced its ruling to judgment on May 22, 2008. In the judgment, the trial court awarded Germain damages in the amount of $1,578.10, plus interest.
 {¶ 5} Smith now appeals from the May 22, 2008 judgment and assigns the following error:
 The adverse conclusion to Defendant-Appellant granting judgment in favor of the plaintiff. Due to incorrect evidence stating the mileage on the odometer of the vehicle.
 {¶ 6} By her only assignment of error, Smith argues that the trial court erred in entering a directed verdict in Germain's favor because Germain incorrectly stated her car's mileage in the February 19, 2007 invoice. We disagree. *Page 3 
 {¶ 7} As a preliminary matter, we must address a procedural issue. As we stated above, Germain moved for and received a directed verdict under Civ. R. 50(A). However, Civ. R. 50(A) is inapplicable in nonjury trials.Jarupan v. Hanna, 173 Ohio App.3d 284, 2007-Ohio-5081, at ¶ 7. "Only juries render verdicts; trial courts render judgments." Id. Instead of granting Germain's directed verdict motion, the trial court should have simply entered judgment in Germain's favor. Wallbrown v. Kent StateUniv. (2001), 143 Ohio App.3d 762, 767.
 {¶ 8} This error, nevertheless, is harmless. According to Civ. R. 50(A)(4), a trial court must grant a directed verdict if, after construing the evidence most strongly in favor of the nonmoving party, it determines that "reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to [the nonmoving] party." Thus, in a jury trial, a conclusion that reasonable minds could only find in the plaintiff's favor would require the trial court to direct a verdict for the plaintiff as a matter of law.Gibson v. Drainage Products, Inc., 95 Ohio St.3d 171, 2002-Ohio-2008, at ¶ 21 (holding that a trial court must "`withhold an essential issue from the jury when there is not sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue'");Wagner v. Roche Laboratories, 77 Ohio St.3d 116, 119, 1996-Ohio-85 (" `When a motion for directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury.'"). In a nonjury trial, however, such a conclusion would mean that the evidence conclusively proves the plaintiff's claim and would require the trial court, as the trier of fact, to rule for the plaintiff. In either situation, judgment in the plaintiff's favor results, so *Page 4 
the trial court's error in applying Civ. R. 50(A) to render judgment in Germain's favor does not prejudice Smith.
 {¶ 9} Because the trial court should have granted judgment on the facts (and not as a matter of law pursuant to Civ. R. 50[A]), we will review the judgment under the manifest-weight-of-the-evidence standard. Judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, syllabus. If the evidence is susceptible to more than one interpretation, we must construe it in a manner consistent with the trier of fact's judgment. Central Motors Corp. v.Pepper Pike (1995), 73 Ohio St.3d. 581, 584.
 {¶ 10} To recover on a breach of contract claim, a plaintiff must prove "`the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'"Jarupan, at ¶ 18, quoting Powell v. Grant Med. Ctr (2002),148 Ohio App.3d 1, 10. In the case at bar, Cumston testified that Smith brought her car to Germain for repairs, that Germain performed the necessary repairs, and that Smith failed to pay for those repairs. Additionally, Smith admitted that Germain repaired her car and that she stopped payment on the check tendered to pay for the repairs. Given this testimony, we conclude that competent, credible evidence supports judgment in Germain's favor.
 {¶ 11} Smith, however, argues that the trial court erred in granting judgment to Germain because Germain wrongly stated her car's mileage in the February 19, 2007 invoice. We find this argument unavailing. The car's mileage is irrelevant because it does not prove or disprove any element of Germain's claim or any affirmative defense. *Page 5 
Therefore, Smith has not asserted a basis for reversing the trial court's judgment. We, accordingly, overrule Smith's assignment of error.
 {¶ 12} For the foregoing reasons, we overrule Smith's assignment of error and affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
 FRENCH and TYACK, JJ., concur. *Page 1